UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LADALE SINEGAL, CDCR # J-95722,<br><br>Plaintiff,<br><br>v.<br><br>E. DUARTE, et al.,<br><br>Defendants. | Case No. 11CV2534-BEN(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS [DOC. NO. 41] AND MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT WITNESS [DOC. NO. 44]** |

Plaintiff Ramon Ladale Sinegal, who is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a), has filed a motion captioned "Plaintiff Request Court Orders for Deposition" [Doc. No. 41] and a Motion for Appointment of Counsel and Expert Witness [Doc. No. 44]. For the reasons set forth below, Plaintiff's motions are **DENIED**.

**I.     Motion Requesting Court Orders for Deposition**

Plaintiff, who is presently incarcerated at California State Prison, Los Angeles County, located in Lancaster, California, seeks to depose Defendants H. Verduzco and C. Ortega by means of a tape or video recorder and requests he be provided facilities for the deposition at

Lancaster, that the depositions be attended only by Plaintiff, defense counsel and defendants, and that defense counsel supply the recording device and supplies and maintain the original recording and provide a copy to Plaintiff. Defendants filed an opposition to the motion on September 12, 2013. [Doc. No. 42.]

The Court first notes that Plaintiff, as a matter of procedure, does not require leave of Court to take Defendants' depositions. See Fed. R. Civ. P. 30(a).  Rather, he simply needs to follow the procedures set forth in the Federal Rules of Civil Procedure.  Upon review of the applicable Rules, the Court observes that Plaintiff is permitted to record a deposition by audio, audio-visual, or stenographic means.  Fed. R. Civ. P. 30(b)(3)(A). Depositions may be conducted with all participants in attendance, by telephone or other remote means [Fed. R. Civ. P. 30(b)(4)] or through written questions [Fed. R. Civ. P. 31(a)].

Plaintiff must bear responsibility for the costs of recording any deposition he notices.  Fed. R. Civ. P. 30(b)(3)(A)  Additionally, Plaintiff would be responsible for arranging the presence of an officer authorized to administer oaths either by federal law or by the law in the place of examination, as required by Fed. R. Civ. P. 28(a)(1)(A); Fed. R. Civ. P. 31(b), and would be required to bear any costs related thereto, at any deposition he takes. The cost of the deposition will not be shifted to Defendants or the Court and Plaintiff should bear in mind that he may also be responsible for paying costs incurred by the California Department of Corrections and Rehabilitation to facilitate any audio or videoconferencing capabilities.

Defendants Verduzco and Ortega are currently employed at Calipatria State Prison, which is located in the Southern District, and Plaintiff seeks to conduct their depositions in Lancaster, which is located in

the Central District. Defendants object to the proposed location, as well as Plaintiff's request that the depositions be attended only by Plaintiff, defense counsel and defendants, and that defense counsel maintain the record of any deposition. Plaintiff has not yet established compliance with the requirements of the Federal Rules of Civil Procedure, so it is premature for the Court to address these issues.

If Plaintiff intends to conduct any depositions, he must first notice the depositions, make arrangements to pay all required costs and coordinate directly with Defendants' counsel. If Plaintiff is able to satisfy these requirements and thereafter needs assistance from the Court with coordinating the depositions, he may file a motion setting forth his request.

## II.     Motion for Appointment of Counsel & Expert Witness

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Id. (citations omitted).

Here, the facts alleged in the First Amended Complaint are not complex and Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity and to litigate his claim on his own behalf. Based on the information currently before the Court, it is clear that Plaintiff has the competence necessary to pursue his case.

Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case. Nor has Plaintiff submitted anything which would suggest he is likely to succeed on the merits or that it would be in the interests of justice for counsel to be appointed in his case.

Plaintiff also requests the Court appoint an expert in this case. Federal Rules of Evidence 706(a) authorizes a court to appoint an expert on its own motion or on the motion of any party. When the Court appoints an expert, the cost is apportioned between the parties.  Fed. R. Evid. 706(c)(2).

Plaintiff contends the appointment of an expert on the use of force is necessary "to avoid a wholly one sided presentation" by Defendants' expert witness Michael T. Picket. [Doc. No. 44, p. 2.] This, however, is not an adequate basis for appointment under Rule 706(a). The role of a court appointed expert is to serve as an independent neutral advisor in order to enlighten the Court and the jury on issues that are excessively complex or confusing.  Plaintiff has not shown a need exists for such an expert, and the issues in this case are not sufficiently complex as to necessitate the appointment of a expert by the Court.

Plaintiff's intended use of the requested expert witness appears to be more consistent with the typical usage of witnesses testifying pursuant to Rules 702 - 705, which permit parties to proffer qualified expert testimony in support of their claims or defenses.  While the Court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the Court the authority to appoint expert witnesses on behalf of a party.  28 U.S.C.A. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). As a general matter, IFP litigants must hire their own experts.

### III. Conclusion

Based on the foregoing, Plaintiff's Motion Requesting Court Orders for Deposition and Motion for Appointment of Counsel are DENIED.

**IT IS SO ORDERED**.

DATED: September 25, 2013

_____
Jan M. Adler
U.S. Magistrate Judge