1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  RAMON LADALE SINEGAL, CDCR )    Case No. 11CV2534-BEN(JMA)
    # J-95722,                )

12                             )    **ORDER FOLLOWING IN**
              Plaintiff,       )    **CAMERA REVIEW AND**

13                             )    **GRANTING IN PART AND**
    v.                        )    **DENYING IN PART PLAINTIFF'S**

14                             )    **MOTION TO COMPEL [DOC. NO.**
    E. DUARTE, et al.,        )    **60] AND ENTERING**

15                             )    **PROTECTIVE ORDER**
            Defendants.     )

16  _____ )

17

18         Plaintiff Ramon Ladale Sinegal, who is proceeding *pro se* and *in*

19  *forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §

20  1915(a), filed a motion to compel discovery on January 21, 2014. [Doc. No.

21  60]. Defendants Verduzco's and Ortega's Opposition to the motion was

22  filed on February 7, 2014. [Doc. No. 68.] Pursuant to the Court's order, the

23  documents that are the subject of Plaintiff's motion were produced for *in*

24  *camera* review. For the reasons set forth below, Plaintiff's motion is

25  **GRANTED IN PART** and **DENIED IN PART**.

26         Plaintiff seeks to compel the production of documents responsive to

27  request numbers 1 and 4 of his Request for Production of Documents, Set

28  One. [Doc. No. 60, pp. 1-3 of 17.] Request No. 1 calls for "[a]ny and all

1   grievances, complaints, or other documents received by prison staff at

2   Calipatria concerning the mistreatment of inmates by Defendants Verduzco

3   and Ortega, and any memoranda, investigative files, or other documents

4   created in response to such complaints." [Doc. No. 68-1, Ex. A, p. 4 of 38.]

5   Request No. 4 calls for "[a]ny logs, lists, or other documentation reflecting

6   grievances filed by Calipatria inmates against Verduzco and Ortega." Id.

7        In response to Request No. 1, Defendants produced records of

8   Plaintiff's two administrative grievances against Verduzco and Ortega and

9   one administrative grievance against Verduzco, including the California

10   Department of Corrections and Rehabilitation's ("CDCR") responses

11   thereto, but have withheld from production the following three categories of

12   documents that are responsive to both document requests:

13       1.   Confidential Supplements to the Appeal Inquiries arising from

14           Plaintiff's appeals against Verduzco and Ortega;

15       2.   Appeals submitted by third-party inmates as to Verduzco and

16           Ortega and the Confidential Supplements thereto;

17       3.   A summary list in chart form of inmate appeals against

18           Correctional Officers bearing the last names Verduzco and

19           Ortega.

20   Defendants have asserted the official information privilege applies with

21   respect to all three categories of documents and also that third party

22   privacy interests necessitate withholding the records of third party

23   administrative grievances, as well as the summary chart. [Id., Ex. C, p. 19

24   of 38.]

25   **A.**    **Relevance**

26   Under Federal Rule of Civil Procedure 26,

27   Parties may obtain discovery regarding any nonprivileged
      matter that is relevant to any party's claim or

28   defense—including the existence, description, nature, custody,
      condition, and location of any documents or other tangible

1
2
3
4

things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

5   Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules

6   is extremely broad. See, e.g., Kelly v. City of San Jose, 114 F.R.D. 653,

7   668 (N.D. Cal. 1987). The party opposing discovery bears the burden of

8   resisting disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal.

9   1992).

10        **B.    Official Information Privilege - Log Numbers 1 - 3**

11        Federal common law recognizes a qualified privilege for official

12   information. Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.,

13   511 F.2d 192, 198 (9th Cir. 1975). The discoverability of official documents

14   is determined under the "balancing approach that is moderately pre-

15   weighted in favor of disclosure." Kelly, 114 F.R.D. at 661. The party

16   asserting the privilege must properly invoke the privilege by making a

17   "substantial threshold showing." Id. at 669. The party must file an

18   objection and submit a declaration or affidavit from a responsible official

19   with personal knowledge of the matters attested to in the affidavit. Id. The

20   affidavit must include: (1) an affirmation that the agency has generated or

21   collected all of the subject material and that it has maintained its

22   confidentiality; (2) a statement that the official has personally reviewed the

23   material in question; (3) a specific identification of the governmental or

24   privacy interests that would be threatened by disclosure of the material to

25   the plaintiff and/or his or her attorney; (4) a description of how disclosure

26   subject to a carefully crafted protective order would create a substantial risk

27   of harm to significant governmental or privacy interests; and (5) a

28   projection of how much harm would be done to the threatened interest or

3

1  interests if disclosure were made.  Id. at 670.

2      Defendants submitted a declaration executed by P. Nava, the

3  Appeals Coordinator at Calipatria State Prison, who is familiar with CDCR's

4  inmate appeals process and the processing of inmate appeals at that

5  institution, and who has reviewed the documents that are the subject of

6  Plaintiff's motion. [Doc. No. 68-1, pp. 31-36, Nava Decl.¶ 2-4.] Nava states

7  these documents were collected and maintained confidentially by CDCR,

8  and identifies the governmental and privacy interests that would be

9  threatened by disclosure to Plaintiff. [Id. ¶ 3-4.] He also outlines the

10 potential for harm that could be caused as a result of the documents'

11 disclosure. Nava does not explain, however, how disclosure of any of the

12 documents subject to a carefully crafted protective order would create a

13 substantial risk of harm to these governmental or privacy interests. As the

14 party asserting the privilege, Defendants must properly invoke the privilege

15 by making a "substantial threshold showing," which they have not done

16 Kelly, 114 F.R.D. 653, 669. The documents identified as Log numbers 1, 2

17 and 3 are accordingly not protected from production due to the official

18 information privilege.[1]

19

20

---

21      [1]  Plaintiff states he needs these documents to show Defendants were aware Plaintiff
    had made prior complaints against them before the incident that is the subject of this litigation.
22  [Doc. No. 60, p. 2 of 17.] Defendants argue the documents identified in Log number 1, the
    confidential supplements to the inquiries arising from Plaintiff's appeals against Verduzco and
23  Ortega, are not relevant to the defenses asserted in their pending motion for summary
    judgment. [Doc. No. 68, pp. 14-15 of 17.] Defendants claim that because they only deny
24  *recalling* whether they had been informed of prior complaints, as opposed to denying whether
    they were actually told of prior complaints, these documents are not relevant. [Doc. No. 68, p.
25  14 of 17.]
        Plaintiff alleges Defendants engaged in a pattern of behavior that was harassing to
26  Plaintiff and his visitor, Ms. Jackson. [Doc. No.  5, pp. 3-4 or 43.] Plaintiff and Ms. Jackson
    made several complaints about Defendants. [Id.] Plaintiff claims thereafter, when Ms. Jackson
27  visited Plaintiff on January 8, 2011, Defendants terminated Ms. Jackson's visit without cause
    and utilized excessive force against Plaintiff in retaliation for the prior complaints. [Id.] Thus,
28  records regarding Plaintiff's complaints made prior to and regarding the incident on January 8,
    2011, are clearly relevant to the claims made by Plaintiff in this litigation.

1    **C.    Privacy Interests - Log Numbers 2 & 3**

2    Defendants also assert third party privacy interests as their basis for

3    withholding the documents identified as Log numbers 2 and 3.  [Doc. No.

4    68-1, pp. 9-10 and p.19.]  Log number 2 consists of administrative

5    grievances that were submitted by third party inmates. Log number 3 is a

6    summary in chart form that includes a list of inmate appeals, by both third

7    party inmates and Plaintiff, against correctional officers bearing the

8    surnames Verduzco and Ortega. Because, as explained above,

9    Defendants have not properly invoked the official information privilege for

10   these documents, the Court will turn its attention to the asserted third party

11   privacy interests.

12   Under federal law, the resolution of a privacy objection involves a

13   balancing of the need for the information sought against the privacy right

14   asserted.  Soto, 162 F.R.D. at 616 (citing Perry v. State Farm Fire & Cas.

15   Co., 734 F.2d 1441, 1447 (11th Cir. 1984)).  "In the context of the

16   disclosure of police files, courts have recognized that privacy rights are not

17   inconsequential."  Soto, 162 F.R.D. at 616.  "Federal courts should

18   generally give some weight to privacy rights that are protected by state

19   constitutions or state statutes."  Kelly, 114 F.R.D. at 656.  "However, these

20   privacy interests must be balanced against the great weight afforded to

21   federal law in civil rights cases against police departments."  Soto, 162

22   F.R.D. at 616.

23   Inmate complaints against staff are maintained confidentially by the

24   CDCR. [Doc. No. 68-1,Nava Decl. ¶ 6.] The documents identified in Log

25   Number 2 are complaints made by six individuals who are not parties to

26   this litigation. Log Number 3 is a summary in chart form of inmate

27

28

1 complaints.[2] These inmates retain a privacy interest in their grievances and

2 would reasonably have an expectation their complaints would not be

3 shared with other inmates. [Id.] Because inmates' names and files are

4 protected by § 3370 of the California Code of Regulations, the third party

5 inmates whose records are disclosed to Plaintiff would have to be informed

6 of the disclosure, even if their names and CDCR numbers were redacted

7 from the grievances. [Id. ¶ 8.] The release of this information to Plaintiff

8 could, therefore, jeopardize his own safety, the safety of the third party

9 inmates whose grievances are released, and staff members who may be

10 perceived as being responsible for the perceived breach in the security of

11 the complaints.  [Id.¶¶ 6 & 8.]

12  The Court must balance these serious privacy concerns against

13 Plaintiff's stated need for these documents. Plaintiff requests these

14 documents so he can obtain "evidence of the defendants' prior or

15 subsequent acts to show motive (hostility to prisoners) and intent (to harm

16 prisoners who are outspoken)...." [Doc. No. 60, p. 2.]

17  The Court has reviewed *in camera* the documents identified in Log

18 numbers 2 and 3. Based on the Court's in camera review, the undersigned

19 magistrate judge finds these documents are not relevant to Plaintiff's stated

20 need or the claims in this action. Production of these documents is also not

21 reasonably calculated to lead to the discovery of admissible evidence in

22 this case.[3] The third party privacy interests in these documents, therefore,

23 outweigh Plaintiff's need for the information contained therein.

24

25

---

26  [2] Log Number 3 also lists inmate complaints made as to other correctional officers bearing the same last name as Defendant Ortega, which are not relevant to the claims made
27 by Plaintiff in this action.

28  [3] The discovery phase of this litigation ended on December 6, 2013. The Court has previously ordered no discovery is permitted after this deadline. [Doc. No. 48.]

1

### D.    Protective Order

2     Pursuant to the terms of this Order, CDCR will release to Plaintiff

3  identified in Log number 1 (hereinafter the "Materials") by no later than

4  **March 18, 2014**. Due to their sensitive and confidential nature, any

5  Materials produced pursuant to this Order shall be used by Plaintiff and

6  Defendants solely in connection with the case of <u>Sinegal v. Duarte</u>, Case

7  No. 11-CV-2534-BEN(JMA), and not for any other purpose, including any

8  other litigation.

9     Plaintiff is strictly prohibited from disclosing (including copying,

10  sharing, or discussing) the Materials or their contents under any

11  circumstances with any inmate. Furthermore, Plaintiff  is strictly prohibited

12  from disclosing (including copying, sharing, or discussing) the Materials or

13  their contents to any person for any purpose, except to Defendants'

14  counsel of record, the Court, and necessary prison staff, for use only in

15  connection with this action. Notwithstanding these restrictions, Plaintiff may

16  discuss the contents of the Materials with potential witnesses; however, he

17  may do so only as it relates to this litigation.

18     Plaintiff is strictly prohibited from copying the Materials or their

19  contents, except as required to attach to court filings. Plaintiff and

20  Defendants must endeavor to protect the confidentiality of the Materials

21  consistent with this Protective Order. If Plaintiff attaches the Materials to a

22  court filing, he must simultaneously file a Motion to File Confidential

23  Documents Under Seal, in which he clearly and specifically identifies the

24  Materials and requests they be filed under seal.

25     At the conclusion of this matter, whether through trial, appeal,

26  collateral review, or other final disposition, all Materials, and all copies,

27  shall be returned to the Defendants' counsel of record.

28  / /

1

**E.    Conclusion**

2      Based on the foregoing, Plaintff's Motion to Compel is **GRANTED IN**

3  **PART** and **DENIED IN PART**.  Pursuant to the terms of this Order, CDCR

4  will release to Plaintiff the documents identified in Log number 1 by no later

5  than **March 18, 2014**.

6      **IT IS SO ORDERED**.

7  DATED: March 10, 2014

8                                         _____
                                          Jan M. Adler

9                                         U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8