UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LADALE SINEGAL, CDCR # J-95722,<br><br>Plaintiff,<br><br>v.<br><br>E. DUARTE, et al.,<br><br>Defendants. | Case No. 11CV2534-BEN(JMA)<br><br>**ORDER FOR FURTHER BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION TO FILE DEFENDANTS' DOCUMENTS UNDER SEAL** |

Plaintiff Ramon Ladale Sinegal, who is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a), has filed a motion to file under seal exhibits filed in support of Plaintiff's Supplemental Opposition to Defendants' Motion for Summary Judgment. [Doc. No. 81]. The documents at issue are six pages that were designated by Defendants during discovery as confidential.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). This right is justified by the interest of citizens in "keeping a watchful eye on the workings of public agencies." *Id.*

at 598.  Nonetheless, access to judicial records is not absolute. Unless a particular court record is one "traditionally kept secret," such as a grand jury transcript or warrant materials in the midst of a pre-indictment investigation, a "strong presumption in favor of access" is the starting point. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* That is, the party must "articulate[] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178 *(citations omitted)*. In turn, the court must "conscientiously balance[] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1178 *(citations omitted)*.

      Plaintiff's motion to seal does not articulate compelling reasons supported by specific factual findings to seal the documents. Defendants, however, presumably have an interest in maintaining the confidentiality of the documents that are the subject of Plaintiff's motion to seal, as they designated the documents as confidential and subject to the protective order during discovery. If Defendants seek to have the documents submitted by Plaintiff filed under seal, by no later than **April 28, 2014**, Defendants shall provide further briefing in support of Plaintiff's motion to

/ /

seal, articulating compelling reasons supported by specific factual findings to seal the documents.

**IT IS SO ORDERED**.

DATED: April 18, 2014

Jan M. Adler
U.S. Magistrate Judge