1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LADALE SINEGAL,<br>CDCR #J-95722,<br><br>                                    Plaintiff,<br><br>vs.<br><br>H. VERDUZCO, et al.,<br><br>                                    Defendants. | Civil Case No.    11cv2534 BEN (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)**<br><br>**[ECF Doc. No. 75]** |

        Ramon Sinegal ("Plaintiff"), a prisoner currently incarcerated at California State Prison - Los Angeles County, is proceeding in pro se in this civil action pursuant to 42 U.S.C. § 1983.

## I.    Procedural History

        On March 13, 2013, this Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  (ECF Doc. No. 32).  Specifically, the Court granted Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims.  (*Id.* at 25.)  On August 4, 2014, this Court granted Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56.  (ECF Doc. No. 94.)  Specifically, the Court found there was no triable issue of material fact as to Plaintiff's Eighth Amendment excessive force claims and First Amendment retaliation claims.  (*Id.* at 19.)

1    Judgment was entered for all Defendants.  (*Id.*)

2        On September 24, 2014, Plaintiff filed a "Motion to Vacate Judgment" pursuant

3    to FED.R.CIV.P. 60(b).

4 **II.**     **Plaintiff's Objection**

5       **A.**     **Standard of Review**

6        The Federal Rules of Civil Procedure do not expressly provide for motions for

7    reconsideration or for filing an 'objection' to a district judge's Order.  However, a

8    motion requesting reconsideration of a matter previously decided may be construed as

9    a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).  *See Osterneck v.*

10   *Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*,

11   42 F.3d 1306, 1311 (9th Cir. 1994).   Under Rule 60, a motion for "relief from a final

12   judgment, order or proceeding" may be filed within a "reasonable time," but usually must

13   be filed "no more than a year after the entry of the judgment or order or the date of the

14   proceeding."  FED.R.CIV.P. 60(c)(1).   Reconsideration under Rule 60 may be granted

15   in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

16   discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has

17   been satisfied; or (6) other reason that justifies relief.  FED.R.CIV. P. 60(b).

18       **B.**     **Discussion**

19        Plaintiff's Motion is somewhat confusing in that he appears to challenge the

20   Court's March 11, 2013 Order dismissing his Fourteenth Amendment due process claims

21   and the Court's August 4, 2014 Order granting summary judgment.  In his Motion,

22   Plaintiff states "the evidence plaintiff included in the due process claim [was] also the

23   evidence plaintiff relied on to prove the defendants engaged in a pattern of behavior that

24   was harassing to plaintiff."  (Pl.'s Mot., ECF Doc. No. 99, at 1-2.)  Plaintiff also

25   maintains that the "Honorable Jan M. Adler ruled that the records regarding Plaintiff's

26   complaints made prior to and regarding the incident on January 8, 2011, are clearly

27   relevant to the claims made by plaintiff in this litigation."  (*Id.* at 2.)

28   / / /

To the extent that Plaintiff is challenging the March 11, 2013 Order, his motion is untimely.  Rule 60(c)(1) provides, in part, that a motion challenging an order "must be made within a reasonable time – and for reasons [found in Rule 60(b)(1), (2) and (3)] no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c)(1).  Here, the March 11, 2013 Order was entered more than a year ago and thus, Plaintiff's challenge to this Order  under Rule 60(b) is untimely.

Plaintiff also argues that the Court's ruling on the Defendants' summary judgment motion was deficient because it failed to address the evidence which he claims the Magistrate Judge deemed "relevant."  (Pl.'s Mot. at 2.)  Plaintiff misstates the meaning of the ruling.  Magistrate Judge Adler found that some of Plaintiff's discovery requests were relevant.   There was no determination by Magistrate Judge Adler that the documentation following the order to compel was "relevant."  Whether or not there was actual discovery produced and used in opposition to the motion is a separate issue.  Plaintiff fails to specifically identify a piece of evidence provided in his responses to Defendants' Motion for Summary Judgment which the Court failed to consider.

Regardless, the Court reviewed all evidence provided both in support and in opposition to Defendants' summary judgment motion and found that Plaintiff failed to point to evidence in the record that would raise a triable issue of material fact as to any of Plaintiff's claims.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision.  *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2013) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

/ / /

/ / /

/ / /

**III.    Conclusion and Order**

Accordingly, Plaintiff's Motion brought pursuant to FED.R.CIV.P. 60 (ECF No. 99) is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  October 9, 2014

_____
Hon. Roger T. Benitez
United States District Judge